IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ED MUEGGE,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>Defendants. | ) | CIVIL NO. 12-00003 SOM/KSC<br><br>ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS FILED BY WAL-MART STORES, INC. |

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS FILED BY WAL-MART STORES, INC.**

**I. INTRODUCTION.**

Plaintiff Ed Muegge, describing himself as disabled, seeks in Count Three of the First Amended Complaint to enforce section 291-58 of Hawaii Revised Statutes. Muegge says that Defendant Wal-Mart Stores, Inc., violated that section in Kihei, Maui, by failing to place a sign adjacent to a van-accessible disabled parking spot. Muegge seeks the imposition of a fine payable to the State of Hawaii general fund. Because there is no private right to enforce the statute, the court grants Wal-Mart judgment on the pleadings on that claim.

**II. FACTUAL BACKGROUND.**

Muegge alleges that he patronizes the Wal-Mart store in Kihei, Maui. See First Amended Complaint ¶ 5, ECF No. 5. He says that he has a "severe mobility disability that requires the use of an electric scooter." Id. ¶ 3.

Although Wal-Mart specifically designates parking spaces for people with disabilities, Muegge alleges that Wal-Mart has violated section 291-58 of Hawaii Revised Statutes by not having a required sign. Id. ¶¶ 8, 9, 25, 26. There is no dispute that Muegge is referring to a sign that states, "No Parking, Access Aisle."

**III. STANDARD.**

Rule 12(c) states, "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion. United States ex rel. Caffaso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). For a Rule 12(c) motion, the allegations of the nonmoving party are accepted as true, while the allegations of the moving party that have been denied are assumed to be false. See Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). A court evaluating a Rule 12(c) motion must construe factual allegations in a complaint in the light most favorable to the nonmoving party. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). Under Rule 12(c), "Judgment on the pleadings is properly granted when, accepting all factual allegations as true, there is no material fact in dispute, and the moving party is entitled to judgment as a matter of law." Chavez v. United

States, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting Fleming, 581 F.3d at 925); accord Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist., 644 F.3d 934, 937 n.1 (9th Cir. 2011).

Generally, when matters outside the pleadings are considered, a motion for judgment on the pleadings must be considered as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(d). Courts have held, however, that, when adjudicating a Rule 12(c) motion, courts may consider matters subject to judicial notice without converting the motion to one for summary judgment. See Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("When considering a motion for judgment on the pleadings, this court may consider facts that are contained in materials of which the court may take judicial notice." (quotations omitted)); accord Lacondeguy v. Adapa, 2011 WL 9572, *2 (E.D. Cal. Jan. 3, 2011); Williams v. City of Antioch, 2010 WL 3632199, *2 (N.D. Cal. Sept. 2, 2010).

**IV. ANALYSIS.**

Arguing that section 291-58 of Hawaii Revised Statutes does not provide a private cause of action, Wal-Mart moves for judgment on the pleadings with respect to the violation of that statute asserted in Count Three of the First Amended Complaint. The court agrees with Wal-Mart and grants judgment on the

pleadings in favor of Wal-Mart on that claim. Muegge's motion for summary judgment on that claim and Wal-Mart's Rule 56(d) request are denied as moot.

Section 291-58 states:

> Beginning July 1, 2002, any public or private entity that provides a parking space reserved for persons with disabilities shall comply with this part and any administrative rules adopted under this part. A private entity that fails to comply with this section shall be fined not less than $250 nor more than $500 for each separate offense. Each day of violation shall constitute a separate offense. Any action taken to impose or collect any penalty provided for in this section shall be considered a civil action.

Muegge says that the Disability and Communication Access Board has adopted rules with respect to signage concerning van-accessible parking stalls pursuant to section 291-56 of Hawaii Revised Statutes. Wal-Mart allegedly failed to comply with these rules by posting no sign at all. Muegge accordingly says that Wal-Mart violated section 291-58.

Muegge says that the reference in section 291-58 to a "fine" indicates the legislature's intent to have all "fines" paid to the general fund of the State of Hawaii. He therefore says that he himself is waiving any claim to the "fine" money. See Opposition at 8, ECF No. 47, PageID # 517. Although conceding that he is not entitled to receive the "fine" money, Muegge argues that the legislature intended to provide a private

cause of action in the statute through its use of the words "civil action" in the last sentence.

The fact that a statute has been violated does not automatically give rise to a private cause of action. See Cannon v. Univ. of Chicago, 441 U.S. 677, 688 (1979). Instead, before inferring that a statute creates a private cause of action, the court must carefully analyze whether the legislature intended to make such a remedy available to private citizens. See California v. Sierra Club, 451 U.S. 287, 297 (1981) (noting that the key inquiry in determining whether a private cause of action exists is congressional intent).

Under federal law, whether to imply a private cause of action is a matter of statutory construction that requires the court to consider four factors:

> First, is the plaintiff one of the class for whose especial benefit the statute was enacted—-that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States so that it would be inappropriate to infer a cause of action based solely on federal law?

Cort v. Ash, 422 U.S. 66, 78 (1975). "These factors are not given equal weight; the critical inquiry is congressional

intent." Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995) (citing Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran, 456 U.S. 353, 377–78 (1982)); accord Williams v. United Airlines, Inc., 500 F.3d 1019, 1023 (9th Cir. 2007). "Indeed, the first three factors discussed in Cort--the language and focus of the statute, its legislative history, and its purpose . . . --are ones traditionally relied upon in determining legislative intent." Touche Ross & Co. v. Redington, 442 U.S. 560, 575–76 (1979). "In a case in which neither the statute nor the legislative history reveals a congressional intent to create a private right of action for the benefit of the plaintiff," the inquiry is at an end. N.W. Airlines, Inc. v. Transp. Workers, 451 U.S. 77, 94 n.31 (1981).

Hawaii law on private causes of action is nearly identical to its federal counterpart, except that the fourth Cort factor is inapplicable. Hawaii courts apply three factors in determining whether a statute provides a private cause of action, with the understanding that "'legislative intent appears to be the determinative factor.'" Alakai Na Keiki, Inc. v. Matayoshi, 127 Haw. 263, 285, 277 P.3d 988, 1010 (2012) (quoting Whitey's Boat Cruises, Inc. v. Napali-Kauai Boat Charters, Inc., 110 Haw. 302, 313, 132 P.3d 1213, 1224 (2006)). The Hawaii Supreme Court has explained:

> This court considers, first, whether the plaintiff is one of the class for whose

> especial benefit the statute was enacted; that is, does the statute create a right in favor of the plaintiff. Second, this court considers whether there is any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one. Third, whether it [is] consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff.

Alakai Na Keiki, 127 Haw. at 285, 277 P.3d at 1010 (alterations, citations, and quotations omitted).

Even if the court assumes that Muegge is "one of the class for whose especial benefit the statute was enacted," the legislative history does not indicate an intent to allow private causes of action for violations of section 291-58.

Muegge says that other sentences of Part III of chapter 291 of Hawaii Revised Statutes (Parking for Disabled Persons) indicate that violations amount either to petty misdemeanors (Haw. Rev. Stat. § 291-51.4--fraudulent verification by a physician that a person has a disability) or to misdemeanors (Haw. Rev. Stat. § 291-52.7--fraudulent manufacturing or alteration of windshield placard or identification card). Muegge argues that the Hawaii legislature's reference to a "civil action" in section 291-58 indicates that it meant to allow private individuals to sue for violations of section 291-58. The court disagrees.

Neither the statute nor its legislative history expressly indicates that the legislature intended to provide a

private cause of action for violations of section 291-58. The committee reports concerning the enactment of the statute are silent as to whether the legislature intended a private cause of action. See, e.g., S. Standing Comm. Rep. Nos. 130 and 693 (Senate Journal 2001); H. Standing Comm. Rep. Nos. 877 and 1368 (House Journal 2001). At most, the legislative history indicates that it was intended to "facilitate better enforcement" of Hawaii's laws concerning parking for persons with disabilities. See, e.g., S. Standing Comm. Rep. Nos. 130 and 693 (Senate Journal 2001).

The reference to a "civil action" in section 291-58 therefore appears to refer to the legislature's intent not to make a violation of section 291-58 a crime. As Hawaii's Intermediate Court of Appeals has noted, "Implying a private right of action on the basis of legislative silence would thus be a 'hazardous enterprise, at best.'" Pono v. Molokai Ranch, Ltd., 119 Haw. 164, 189 194 P.3d 1126, 1151 (Ct. App. 2008) (quoting Touche Ross & Co. v. Redington, 442 U.S. 560, 571 (1979)), abrogated on other grounds by County of Hawaii v. Ala Loop Homeowners, 123 Haw. 391, 235 P.3d 1103 (2010).

Hawaii's adjudication of traffic infractions, as opposed to traffic crimes, is instructive as to the legislature's intent with respect to whether any enforcement of section 291-58 "shall be considered a civil action." Section 291D-1 notes that,

in 1978, "the process of decriminalizing certain traffic offenses" began. The legislature determined that the "decriminalization of certain traffic offenses and streamlining of the handling of those traffic cases will achieve a more expeditious system for the judicial processing of traffic infractions." Id. Accordingly, chapter 291D of Hawaii Revised Statutes sets forth the statutes pertaining to adjudication of traffic infractions. Under section 291D-3, "No traffic infraction shall be classified a criminal offense." That section also discusses "civil liability" for traffic infractions. With limited exceptions, the prosecuting attorney does not participate in traffic infraction proceedings. See Haw. Rev. Stat. § 291D-14.

The Hawaii Supreme Court has promulgated Hawai`i Civil Traffic Rules. Rule 2(a) of the Hawai`i Civil Traffic Rules states that, except as otherwise provided in chapter 291D of Hawaii Revised Statutes, "These rules govern the practice and procedure in the District Courts of the State of Hawai`i for all cases involving civil infractions." The rules define "Defendant" as "The person charged with a civil infraction." Haw. Civ. Traffic R. 3(c). They define "Infraction" as "Any violation of a statute, ordinance or rule, relating to traffic movement and control, including parking, standing, equipment, and pedestrian offenses, for which the prescribed penalties do not include

imprisonment." Haw. Civ. Traffic R. 3(e). The standard of proof applicable to such civil traffic infractions is "preponderance of the evidence." Haw. Civ. Traffic R. 14(c).

In the same way that civil traffic infractions contrast with traffic crimes, chapter 291, which concerns "traffic violations," includes Part III pertaining to parking for disabled persons, and draws a distinction between the "lesser" failure to have the proper signage, Haw. Rev. Stat. § 291-58, and crimes such as the fraudulent verification by a physician that a person has a disability, Haw. Rev. Stat. § 291-51.4, or the fraudulent manufacturing or alteration of a windshield placard or identification card, Haw. Rev. Stat. § 291-52.7. The Hawaii legislature's reference to an action taken to impose or collect a fine under section 291-58 as a matter "considered a civil action" indicates that, like a traffic infraction, a violation of section 291-58 is not a crime.

Reading section 291-58's reference to a "civil action" as creating a private right of action would make a nullity of some of the words in the statement that the imposition of a fine "shall be considered a civil action." There would be nothing to "be considered" in that regard if a private civil lawsuit were filed. If Hawaii's legislature had really intended to allow a private individual to initiate a "civil action," it could have clearly said so. It did not do so.

The court is unpersuaded by Muegge's argument that section 291-59, enacted two years after section 291-58, was intended to allow private suits to fill the "enforcement" void. Section 291-59 of Hawaii Revised Statutes, which bears the title "Enforcement," allows a "law enforcement officer" and a "commissioned volunteer enforcement officer" to go onto private property to enforce Part III of chapter 291, including section 291-58. The legislative history for section 291-59 indicates that Hawaii's legislature intended to "assist law enforcement officers in upholding the disabled parking laws" by providing them with a clear right to enter private property to enforce those laws. See S. Standing Comm. Rep. No. 1270 (Senate Journal 2003); see also S. Standing Comm. Rep. No. 1189 (Senate Journal 2003); H. Standing Comm. Rep. Nos. 103, 387, and 746 (Senate Journal 2003). The Standing Committee Reports concerning section 291-59 appear to indicate that, after the passage of the disabled parking laws, police were reluctant or unable to go onto private property to enforce those laws. Accordingly, the legislature enacted section 291-59 to clarify that officers could go onto private property with disabled parking stalls to issue citations for violations. The legislature's failure to include such an access provision when it enacted section 291-58 in 2001 does not mean that the legislature intended to allow a private cause of action for a violation of it.

The court is also unpersuaded by Muegge's argument that Hawaii's legislature must have contemplated allowing a private cause of action when it enacted section 291-59 because that section states that, "in addition to any other authority provided by law that is not inconsistent with the purposes of this part," officers and volunteer enforcement officers may access private property to enforce the disabled parking law. Muegge questions why the "in addition to" language would be in the section if that language did not refer to a private cause of action. However, Muegge answers his own question in his motion for summary judgment, by acknowledging that Title III of the Americans with Disabilities Act also addresses providers of parking and by noting that those requirements are enforced through civil actions. See Muegge's Motion for Partial Summary Judgment at 7, ECF No. 39, PageID # 313. Having recognized that there are other laws that pertain to parking for disabled individuals, Muegge is unconvincing in arguing that the words "in addition to any other authority provided by law" are rendered nugatory by this court's interpretation.

**VI. CONCLUSION.**

Judgment on the pleadings is granted in favor of Wal-Mart on Count Three of the First Amended Complaint. Given this ruling, the court denies Muegge's motion for partial summary judgment on that count, as well as Wal-Mart's Rule 56(d) request.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 22, 2013.




/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Muegge v. Wal-Mart Stores, Inc.; Civil No. 12-00003 SOM/KSC; ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS FILED BY WAL-MART STORES, INC.